**In the Matter of Richard R. WIRT.**

**No. 1284 S 503.**

Supreme Court of Indiana.

Sept. 1, 1989.

R. Larry Helmer, Indianapolis, for respondent.

Martin E. Risacher, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Comm'n.

PER CURIAM.

This case is before us on a verified complaint for disciplinary action alleging that the Respondent, Richard R. Wirt, neglected a legal matter entrusted to him. The Hearing Officer appointed by this Court pursuant to Admission and Discipline

Rule 23, Section 11(b), has tendered his findings of fact and conclusions of law. The Respondent has challenged the findings by way of a motion to correct error. In that the Admission and Discipline Rules do not envision a motion to correct error but provide that review of the hearing officer's findings is initiated by a petition for review, we will deem Respondent's motion to be a petition for review. Respondent's challenge to the finding of fact will be resolved within the course of the review process employed in disciplinary matters whereby this Court examines all matters presented. See gen. *In re Stanton* (1986), Ind., 492 N.E.2d 1056.

■ Upon examining all matters tendered in this case, we find that the Respondent was admitted to the Bar of the State of Indiana on May 19, 1965. As a result of a previous disciplinary proceeding the Respondent was suspended from the practice of law for a period of three years beginning December 21, 1985, and has not been reinstated. *In re Wirt* (1985), Ind., 482 N.E.2d 721.

We find further that on March 29, 1979, Oliver Thompson was involved in an automobile-train collision. He sustained serious injuries resulting in lost wages, hospitalization, medical treatment and pain and suffering. After being released from the hospital, Thompson consulted with Respondent regarding pursuing an action against the other party, Conrail. The Respondent took information from Thompson which information Thompson believed constituted negligence on the part of Conrail. The Respondent agreed to represent Thompson and at some point Thompson paid the Respondent $160 for pre-litigation expense.

The Respondent rendered services to Thompson in settling with Thompson's insurer for loss of Thompson's truck as a result of the collision and also obtained from Thompson's insurer partial reimbursement for medical expenses. The Respondent also represented Thompson in a dissolution of marriage proceeding for which services he was paid.

The Respondent did prepare a complaint against Conrail and submitted the same to Thompson for his signature. However, the complaint was not filed and the action became barred by the applicable Statute of Limitation.

On December 19, 1984, Thompson filed a complaint in the Madison Superior Court against the Respondent seeking damages by reason of Respondent's failure to timely file the lawsuit against Conrail. A settlement was reached in the litigation, and the complaint was dismissed by stipulation of the parties.

From the foregoing findings, we conclude that the Respondent neglected a matter entrusted to him, failed to seek the lawful objectives of his client, failed to carry out a contract of employment, and prejudiced and damaged his client, all in violation of DR 6–101(A)(3) and 7–101(A) of the *Code of Professional Responsibility for Attorneys at Law*.

Respondent's conduct in this matter indicates a callous disregard of the client's interests. He has failed to adhere to the most elementary precept of professionalism, providing timely service. We find further that, under the circumstances of this case, a public reprimand is warranted. Accordingly, the Respondent is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.